# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
V.
FRANCISCO IGNACIO PEREZ

(Name and Address of Defendant)

FILED by _____ D.C.

JUL 1 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## CRIMINAL COMPLAINT

CASE NUMBER: 00-4174-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___July 12, 2000___ in ___Broward___ county, in the ___Southern___ District of ___Florida___ defendant(s) did, (Track Statutory Language of Offense)

Knowingly possessed with intent to distribute Heroin, a Scheduled 1 Controlled Substance and Conspired to possess with intent to distribute Heroin, a schedule 1 controlled substance

in violation of Title ___21___ United States Code, Section(s) ___846 and 841 (a)(1)___.

I further state that I am a(n) ___Special Agent with DEA___ and that this complaint is based on the following facts:
                                   Official Title

See attached affidavit incorporated by reference.

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

S/A _____
Signature of Complainant

Sworn to before me and subscribed in my presence,

July 12, 2000                              at   Ft. Lauderdale, FL
Date                                            City and State

BARRY SELTZER
U.S. MAGISTRATE JUDGE                           _____
Name & Title of Judicial Officer                Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

Before me, the undersigned personally appeared Robert Shinn, who being duly sworn, deposes and states:

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA) in Fort Lauderdale, Florida. I have been a Special Agent for approximately three and one half (3 1/2) years and I am currently assigned to investigate violations of federal narcotics laws. Prior to my employment with the DEA, I was a police officer in St. Louis County Missouri for eight (8) years. During my last two (2) years in St. Louis County I was assigned to a narcotics unit where I conducted narcotic investigations.

2. During my career as a DEA Agent and as a police officer, I have participated in numerous investigations involving violations of narcotics laws, including several investigations involving heroin. As a result of my experience, I am familiar with the manner and methods used by narcotics traffickers to distribute narcotics.

3. This affidavit is submitted in support of a complaint to show probable cause charging FRANCISCO IGNACIO PEREZ with violations of federal law to wit; possession with intent to distribute heroin, in violation of Title 21, United States Code, Section 841 (a) (1), and conspiracy to possess with intent to distribute heroin, in violation of Title 21, United States Code, Section 846. These are not all of the facts known to the affiant but only those necessary for a determination of probable cause.

4. On July 12, 2000, members of the Broward County Domestic Interdiction Unit (DIU) were working in the terminal area of the Fort Lauderdale/Hollywood International Airport. At approximately 6:30A.M., Detectives Robert Wolfkill and Jose Interian observed a male subject later identified as FRANCISO IGNACIO PEREZ walking into terminal four. Upon entering the

terminal, PEREZ repeatedly scanned the terminal area as if he was conducting a surveillance, and stood in line at the Spirit Airlines ticket counter. Detectives Wolfkill and Interian observed PEREZ to be wearing a large shirt, which was not tucked into his pants. This is common among body carriers of controlled substances who are trying to conceal bulky packaging of controlled substances. PEREZ was also standing in line for an "outbound" flight to LaGuardia Airport, New York, NY, which is a flight and destination city often used by body carriers of Colombian Narcotics Organizations. Detectives Interian observed PEREZ adjusting his shirt by continuously pulling it down over his waist and looking down at his mid section and appearing very nervous. PEREZ proceeded to the ticket counter and received a boarding pass. Detectives Wolfkill and Interian approached PEREZ, at which time Detective Interian identified Detective Wolfkill and himself as police officers in Spanish and displayed their respective badges and photo identification. PEREZ gave confusing information concerning his travel, at which time Detective Interian requested consent to search PEREZ and his carry-on bag, which PEREZ agreed.

5.   Detective Interian conducted a consensual pat down search of PEREZ's mid section and felt plastic bags containing numerous hard pellets.[1] Detective Interian asked PEREZ if he had drugs concealed inside his pants, at which time PEREZ replied "yes". In order to continue the search in a more private area, PEREZ was placed in investigative detention and escorted to the DIU office, where he consented to removal of his pants. Upon removal of PEREZ's pants your affiant observed (3) clear plastic baggies containing numerous hard pellets of suspected heroin concealed inside PEREZ's spandex type shorts underneath his pants. These pellets weighed approximately 820 grams.

---

[1] Detective Interian has been working at the DIU at Fort Lauderdale airport for two years and has been involved in dozens of cases where heroin couriers have transported heroin in this manner.

Your affiant field tested one of the pellets, which tested positive for heroin, a Schedule I controlled substance, at which time your affiant placed PEREZ under arrest.

6. Detective Interian advised PEREZ of his constitutional rights in Spanish language as per Miranda and received acknowledgment from PEREZ that he understood his rights and agreed to waive same. PEREZ thereafter reported that he knew he was carrying heroin and that he was a courier for the transportation of heroin from South Florida to New York City, for further distribution. PEREZ stated that he was provided $800.00 U.S. currency for transporting the heroin to another person in New York.

FURTHER YOUR AFFIANT SAITH NOT.

S/A

Robert Shinn, Special Agent
Drug Enforcement Administration

Subscribed and sworn to
before me this 12th day of July, 2000.

Barry S. Seltzer
United States Magistrate Judge