UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6197-CR-FERGUSON
Magistrate Judge Snow



UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO PEREZ,

    Defendant.

_____/

## DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE & STATEMENTS

COMES NOW the defendant Francisco Perez, by and through his undersigned attorney, and files his Motion To Suppress Physical Evidence & Statements, and states as follows:

1. On July 12, 2000, members of the Broward County Domestic Interdiction Unit were working in the terminal area of the Fort Lauderdale/Hollywood International Airport.

2. At approximately 6:30 a.m., the defendant entered terminal four of the airport. Upon entering the airport, the defendant entered the ticket line at Spirit Airlines. The defendant was in the line to obtain a boarding pass for a Spirit flight to LaGuardia Airport in New York City.



3. While the defendant was standing at the ticket counter, DIU task force detective Robert Wolfkill approached him, stood close to him, identified himself as a police officer, and began questioning him in English. Subsequently, task force detective Jose Interian approached and began communicating with him in Spanish, the defendant's native language.

4. The detectives ordered the defendant to accompany them away from the ticket counter, and the defendant complied accompanying the detectives to a location closer to the terminal door.

5. The police officers then searched the defendant's bag and person without his consent. The search of his person was conducted by patting and frisking his body. The police also questioned the defendant regarding whether he was in possession of illegal drugs.

6. After searching the defendant's bag and person, the police placed the defendant in handcuffs and transported him to the DIU office. In the DIU office, the police removed his pants. Upon searching inside the defendant's pants, the police discovered heroin.

7. After discovery of the heroin, the police questioned the defendant further and the defendant allegedly made oral statements which the Government intends to introduce against the defendant at trial.

8. The agents had no arrest warrant for the defendant. The agents had no search warrant for the defendant's person or his bag. The agents did not have probable cause or reasonable suspicion to believe that the defendant was committing a crime.

9. The physical evidence was seized in violation of the Fourth Amendment to the United States Constitution, as it was obtained by means of a search conducted after the police seized and arrested the defendant without probable cause. The police obtained the evidence while unlawfully

2

detaining the defendant. Further, the police unlawfully searched the defendant's person without probable cause, and while he was being illegally detained, in violation of the Fourth Amendment.

10. The defendant is moving to suppress all physical evidence obtained from the defendant during and after his illegal detention and arrest, as well as all physical evidence derived from information and evidence obtained during and after the illegal detention and arrest.

11. Any statements were obtained in violation of the defendant's Fourth Amendment right to remain free from unreasonable search and seizure, as the alleged statements were obtained after the defendant was arrested without probable cause and while the defendant was being detained illegally. Moreover, the alleged statements were obtained in violation of the Fifth Amendment as they were the product of custodial interrogation which was not preceded by Miranda warnings.

12. The defendant hereby requests an evidentiary hearing on this motion prior to trial and outside the presence of the jury.

**Memorandum of Law**

The seizure, search, and arrest of the defendant violated the Fourth Amendment. In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968), the Supreme Court authorized police officers to make temporary, limited seizures of persons if they have an articulable suspicion that a person has committed, or is about to commit, a crime. The scope of activities during an investigatory detention, however, must reasonably be related to the circumstances that initially justified the stop. *See United States v. Sharpe*, 470 U.S. 675, 682, 105 S.Ct. 1568, 1573 (1985). An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325 (1983). A police confinement which goes beyond

the limited restraint of a *Terry* investigatory stop, including an arrest, may be constitutionally justified only by probable cause. *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248 (1979).

Probable cause to arrest or seize a person exists where the facts and circumstances within the knowledge of the police, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed by that person. *Carroll v. United States*, 267 U.S. 132 (1925). Mere suspicion or hunches do not rise to the level of probable cause. The Supreme Court has defined probable cause to conduct a search as knowledge of facts and circumstances that would lead a reasonable person to believe that there exists "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The police seized the defendant without probable cause, indeed without even a reasonable, articulable suspicion to believe that he was committing a crime. He was seized on nothing more than a hunch. The defendant's detention, therefore, violated the Fourth Amendment. After illegally seizing the defendant, the police then conducted a warrantless search of his person, without probable cause, in violation of the Fourth Amendment. Finally, the police questioned the defendant during this illegal detention in violation of the Fourth and Fifth Amendments. As a result, all physical evidence and statements obtained as a result of the police action must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

4

WHEREFORE the defendant prays that this Court grant this motion and suppress all physical evidence and the statements of the defendant Francisco Perez.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 12th day of September, 2000, to Assistant United States Attorney Tom Lanigan, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

*[signature]*

Martin J. Bidwill

5