NIGHT BOX
FILED

UNITED STATES DISTRICT COURT     OCT 13 2000
SOUTHERN DISTRICT OF FLORIDA
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 00-6197-CR-FERGUSON |
| Plaintiff, ) | |
| ) | Magistrate Judge Lurana Snow |
| vs. ) | |
| FRANCISCO PEREZ, ) | |
| ) | **GOVERNMENT'S MOTION TO** |
| Defendant. ) | **QUASH SUBPOENAS AND MEMORANDUM** |
| ) | **OF LAW IN SUPPORT THEREOF** |
| _____ ) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and, pursuant to Rule 17(c), Federal Rules of Criminal Procedure, hereby respectfully requests this Court to enter an Order Quashing subpoenas issued, by the defense in this action, to Detective Robert Wolfkill of the Hollywood, Florida Police Department and Broward Sheriff's Deputy Jose Interian working as part of the Broward county Domestic Interdiction Unit

The subpoenas command the officers to produce records at a supression hearing scheduled in this matter on October 16, 1996. The subpoena requests "Any and all records, reports, field interrogation cards, field memorandums, notes, or memorializations of any kind regarding any encounter at the Fort Lauderdale/Hollywood International Airport between Detective Wolfkill and any member of the public during which time Detective Wolfkill erroneously suspected the member of the public of carrying



or possessing illegal drugs or other contraband, for the period of March 1, 2000 to August 31, 2000. In support of its motion to quash, the United States submits that the subpoenas are impermissible and in contravention of Rules 16 and 17 of the Federal Rules of Criminal Procedure; the documents and testimony sought are privileged under Rule 16(a)(2), Fed.R.Crim.P. and other well-recognized privileges; and the subpoenas are overbroad, unreasonable, oppressive and request testimony and the production of documents which are irrelevant and immaterial.

**MEMORANDUM OF LAW**

In this case, the United States of America, in full compliance with Rule 16(a)(1), Fed.R.Crim.P., and with the Court's Standing Discovery Order entered on July 18, 2000 by Magistrate Judge Lurana Snow, has produced all of the documents identified in the order to defendant. Counsel has received and had an opportunity to review these materials. Additionally, counsel conducted an in person examination of all seized documents and evidence on October 13,2000 at the DEA offices in Fort Lauderdale, FL. Furthermore, all materials mandated to be produced under Brady v. Maryland, 373 U.S. 83 (1963), have been delivered to defense counsel.

The subpoenas issued by defense counsel to the individuals identified above are unreasonable and oppressive and request the

production of documents and/or testimony which is often irrelevant, immaterial, involves privileged material, and is beyond the scope of production contemplated by the Federal Rules of Criminal Procedure. The subpoenas essentially seek unrestricted access to internal files of the Broward county Domestic Interdiction Unit. They reflect defendant's hope that a random search and fishing expedition of these files, in addition to forcing irrelevant and immaterial testimony, will lead to some unknown item helpful to defendant's case. These subpoenas represent nothing more that what occurs in a civil case where an action is filed, then discovery is engaged in to substantiate the claim. In this criminal action, the government's obligation would mandate disclosure of materials that bore on the defendant's innocence. No such items exist. For these reasons, the United States moves to quash all of the subpoenas in their entirety.

  I. THE SUBPOENAS SHOULD BE QUASHED BECAUSE THE DOCUMENTS AND TESTIMONY SOUGHT ARE IRRELEVANT AND IMMATERIAL

Even if the documents and testimony sought by defense counsel were expressly within the scope of Rule 16, Fed.R.Crim.P., which they are not, any discovery request must be preceded by a showing of materiality. United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978), cert. denied, 440 U.S. 982 (1979); United States v. Ross, 511 F.2d 757, 762-63 (5th Cir.) ("materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case"), cert. denied 423 U.S.

836 (1975); Fed.R.Crim.P. 16 (a)(1)(c). There has been and can be no such showing here with respect to all of the requests in the subpoenas since no documents would be relevant to any allegation involving the defendant, Hence the subpoenas duces tecum issued herein constitute an obvious attempt by the defense to circumvent the federal discovery rules by seeking protected and/or privileged information concerning other investigations, other possible criminal activities and the operation of the Broward County Domestic Interdiction Unit.

The defense subpoenas seek production of internal government documents outlining unrelated investigation or encounters that occurred at FLIA. The defense subpoena ostensibly seeks these documents in support of a motion to suppress. However, the defense has failed to show any basis for relief in this regard.

Therefore, since it is clear that the documents sought by the defense are irrelevant and immaterial to the narrow suppression issues which are before the court and that the defense has made no sufficient showing to warrant access to said materials, the subpoenas should properly be quashed. United States v. North, 910 F.2d 843 (D.C. 1990) cert. denied, 111 S.Ct. 2235 (1990).

II.  THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY ARE UNREASONABLE, OPPRESSIVE, AND VIOLATIVE OF RULE 17, FED.R.CRIM.P.

Rule 17 of the Federal Rules of Criminal Procedure is not a general discovery device. United States v. Nixon, 418 U.S. 683,

4

698-700 (1976); Bowman Dairy Co. v. United States, 341 U.S. 214, 219-221 (1951)); United States v. Haldeman, 559 F.2d 31, 75 (D.C. Cir. 1976), cert. denied, 431 U.S. 933 (1977). "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980), cert. denied, 449 U.S. 1126 (1981).

Under Rule 17(c), the Court may quash an "unreasonable and oppressive" subpoena. Moreover, the Court may require a showing by the party issuing the subpoena duces tecum that the subpoena meets the standards originally announced by Judge Weinfeld in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) and endorsed by the Supreme Court in United States v. Nixon, supra., 418 U.S. at 699, which held:

> . . . cases decided in the wake of Bowman have generally followed Judge Weinfeld's formulation. . ., as to the required showing. Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Rule 16 defines the permissible limits of discovery in

5

criminal cases, and it is impermissible to use subpoenas issued under Rule 17 to circumvent the proscriptions of Rule 16. As noted above, the United States has complied in all respects with Rule 16.

Courts have repeatedly quashed subpoenas similar to those served here by defense counsel, where the issuing party cannot show relevance, and where the subpoenas are obviously blind fishing expeditions seeking immaterial evidence. See e.g., United States v. Wencke, 604 F.2d 607, 612 (9th Cir. 1979) (subpoenas which sought "all files, records, correspondence, writings, interoffice communications, interagency communications and reports relating to investigation" of defendant quashed); United States v. Johnson, 495 F.2d 1097, 1102 (5th Cir. 1979) (broad discretion in trial court to weigh materiality in deciding whether to grant request for subpoena); United States v. Daly, 481 F.2d 28 (8th Cir.), cert. denied, 414 U.S. 1064 (1973).

In the case at bar, the defense has subpoenaed a wide-range of documents unaware of their specific content, on the mere assertion that they are somehow relevant to the suppression issues before the court. In finding this type of conduct to be a misuse of the trial subpoena, Judge Hoeveler wrote as follows:

> If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.

United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D.Fla. 1991).

6

See also, United States v. Valencia-Romero, 748 F. Supp. 64 (E.D.N.Y. 1990), in which the court stated the following in refusing to enforce a defendant's subpoenas directed to government agents whose testimony he sought at a suppression hearing:

> Although it is obvious that the testimony which defendant "hopes" to secure, via the present subpoenas, would be material and favorable to his defense, he has made no plausible showing that such testimony would be forthcoming. Defendant cannot "simply posit the testimony most helpful to him"; rather, he must offer some "reasonable basis" to believe that the testimony would be beneficial to his case. United States v. Ginsberg, 758 F.2d 823, 831 (2d Cir. 1985). Unbridled speculation falls far short of this standard.

Id. at 65.

By seeking unfettered access to all of the Broward County Domestic Interdiction Unit records generated by Detective Wolfkill in this regard, the defendant has caused the issuance of subpoenas which are unreasonable, oppressive, overbroad and violative of Rule 17. On that basis alone, they should properly be quashed.

7

**CONCLUSION**

WHEREFORE, based upon all of the above and foregoing reasons, the government respectfully submits that the subpoenas issued in this matter and described above should properly be quashed in their entirety.

                    Respectfully submitted,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

By: _____
     THOMAS P. LANIGAN
     ASSISTANT UNITED STATES ATTORNEY
     FL Bar #: A550033
     500 E. Broward Blvd
     Fort Lauderdale, FL, 33301
     Tel. #: 954-356-7255
     Fax #: 561/659-4526

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered this _13th_ day of October, 2000 to Martin Bidwell, AFPD.

_____
THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO PEREZ,

    Defendant.
_____/

Case No. 00-6197-Cr-FERGUSON

Magistrate Judge Lurana Snow

ORDER ON GOVERNMENT'S MOTION
TO STAY QUASH SUBPOENAS

THIS MATTER is before the Court upon the Government's Motion to Stay Enforcement of Subpoenas. The Court has carefully reviewed the merits of said motion and after due consideration, it is

**ORDERED AND ADJUDGED** that the Government's Motion to Quash Subpoenas be _____.

**DONE AND ORDERED** in Chambers at fort Lauderdale, Florida, this _____ day of October, 2000.

                      WILKE D. FERGUSON,JR.
                      UNITED STATES DISTRICT JUDGE

cc: AUSA Thomas P. Lanigan
    AFPD Martin Bidwell

9